The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Kim L. Cramer. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
****************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. At all relevant times, the employer-employee relationship existed between plaintiff-employee and defendant-employer.
3. Plaintiff sustained an admittedly compensable injury by accident to her right arm on January 22, 1992.
****************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was born on May 21, 1961. She has completed two years of college.
2. Plaintiff began working as a housekeeper for defendants at the personal residence of William and Dee Ray in May, 1990. Her responsibility was the second floor which consisted of approximately 7,000 square feet. Prior to moving to Charlotte, plaintiff had worked as a housekeeper in Connecticut.
3. Plaintiff's accident occurred on January 22, 1992, as she was sweeping out a screened porch. The doors had screened panels which had to be lifted up. As plaintiff was sweeping, the screen panel fell and struck her right forearm. She immediately reported the injury to the house manager and plaintiff was sent to the Nalle Clinic.
4. At the Nalle Clinic, plaintiff was examined by Dr. John Beard, and an x-ray was taken, which was negative for fracture. As noted by Dr. Beard, plaintiff had some swelling and abrasion over the dorsal aspect of her right arm. She had no limitation to flexion or extension of her wrist or fingers, and sensation was intact. Dr. Beard's final assessment shows that the extent of plaintiff's injury was a contusion and abrasion of the right forearm. He did not anticipate any permanent disability.
5. Dr. Beard released plaintiff to return back to light duty that same day, January 22, 1992, and advised that she should avoid use of her right arm for 3 to 4 days and released her to return to regular duty on January 27, 1992. Plaintiff was to return to see him if she had any further difficulty.
6. Plaintiff was given light duty for about two weeks. She did dusting and picked up clothes, but did not do any heavier work like vacuuming or cleaning floors or bathrooms. After that she returned to her regular duties.
7. On September 3, 1992, plaintiff gave notice to the Rays that she was quitting her employment. She gave a hand-written note to Dee Ray indicating that she was leaving and listed four reasons: (1) that it was not personal, and she enjoyed her work; (2) that her health was not good, problems with chest pain; (3) she wanted to go back to school; and (4) she needed more time for her management of properties which she and her husband owned. The note did not mention anything about continued pain or problems with her right arm.
8. Plaintiff did not return to see Dr. Beard again until November 15, 1993, a visit approved by the defendant-employer. She had not seen any other physicians about her arm since her last visit to Dr. Beard on the day of the accident. Her physical examination on November 15, 1993 by Dr. Beard was normal. He found no numbness or tingling in her fingers, no pain on pronation or supination, no erythema or heat in the forearm and good symmetry when compared to the left arm. He found little evidence to relate her complaints of pain to her injury of January 22, 1992. He told plaintiff she should exercise to increase the strength in her forearm muscle. Although her physical examination was normal, because of her complaints of continued pain, Dr. Beard referred her for further evaluation by the orthopaedics section of the Nalle Clinic.
9. Plaintiff was further evaluated at the Nalle Clinic in January and February, 1994. A January 3, 1994 examination by Kathryn Stokes, P.A.C., showed a full range of motion of her forearm. A nerve conduction test was normal, showing no evidence of medial nerve entrapment. Plaintiff was referred to physical therapy, but it is not clear from the evidence whether she actually followed through with this.
10. On October 26, 1994, plaintiff was evaluated by Dr. Zucker at the Nalle Clinic. She was requesting a letter regarding her disability. Dr. Zucker found no evidence of ecchymosis or bruising in her arm, full pronation and supination, full elbow flexion and extension, full wrist flexion and extension and rotation, with no evidence of wasting. Her sensory exam was normal. Dr. Zucker did mention the possibility of doing an EMG to document the fact that plaintiff's neuromuscular exam was normal, although it does not appear this was done. Dr. Zucker advised plaintiff that he found no evidence of physical disability.
11. Plaintiff began seeking chiropractic treatment in April, 1995, without the permission of the defendant-employer. In addition to her complaints about her arm, she complained about her neck and shoulder, areas which were not injured in the accident of January 22, 1992. The evidence of record fails to establish that this chiropractic treatment was reasonably related to or necessitated by plaintiff's injury by accident.
12. The evidence fails to show that, after her accident, plaintiff was incapable of earning the same wages she earned either in the same employment or other employment as a consequence of her injury by accident. Plaintiff did not miss any time from work following her injury and continued in her employment for over seven months without difficulty. When she did leave her employment it was not due to any problems related to her arm injury, but was for other personal reasons. Her injury by accident caused only temporary swelling and bruising and did not result in any permanent injury to her arm.
****************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On January 22, 1992 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when her right forearm was struck by a screen door, causing contusion and abrasion of her right forearm. N.C.G.S. § 97-2 (6).
2. The initial treatment rendered at the Nalle Clinic on the date of plaintiff's injury by accident was reasonably necessary to assess her initial injury, and to determine the best course of treatment to effect a cure or give relief or lessen any period of disability. The follow-up by Dr. Beard in 1993, as approved by the defendant, as well as the additional consultation and nerve conduction study at the Nalle Clinic in January and February 1994, which were done on the referral of Dr. Beard, as well as any physical therapy that was recommended at that time, were also reasonably necessary to rule out any nerve damage and to help strengthen plaintiff's arm. The final evaluation for any disability rating done by Dr. Zucker on October 26, 1994 is also approved as reasonable. However, medical treatment rendered after October 26, 1994, if any, has not been shown to be reasonably necessary. The medical evidence shows that no additional assessment or treatment was necessary. N.C.G.S. § 97-25.
3. The medical treatment rendered by the chiropractor in April 1995 has not been shown to be related to plaintiff's original injury by accident or reasonably necessary to effect a cure or give relief and is not approved. N.C.G.S. § 97-25.
4. Plaintiff's injury by accident did not cause her any loss of wage earning capacity and did not result in any disability, and plaintiff is not entitled to recover any compensation under the Workers' Compensation Act. N.C.G.S. §§ 97-2 and 97-29.
5. Plaintiff's injury by accident did not cause any permanent impairment to plaintiff's right arm. N.C.G.S. § 97-31.
****************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff's medical expenses incurred for her initial evaluation by Dr. Beard at the Nalle Clinic as well as the follow-up evaluations at the Nalle Clinic in 1993 and 1994, as well as any physical therapy recommended at that time. Defendants are not responsible for any medical expenses incurred by plaintiff after her final evaluation by Dr. Zucker of the Nalle Clinic on October 26, 1994.
2. Defendants are not responsible for payment for any chiropractic treatment for plaintiff, and her claim for any additional medical benefits, other than those expenses specifically approved herein is DENIED.
3. Plaintiff's claim for any additional benefits, including any compensation, under the North Carolina Workers' Compensation Act is DENIED.
4. Defendant shall pay the costs.
This the _______ day of January 1996.
 S/ _____________________ LAURA K. MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________________ DIANNE C. SELLERS COMMISSIONER
S/ _____________________ COY M. VANCE COMMISSIONER
LKM/bjp